MARÍA LUISA SANTIAGO ET AL., Plaintiffs and Appellees, *v.* ENCARNACIÓN HERNÁNDEZ, ETC., ET AL., Defendants and Appellants.

No. 5605. Argued March 9, 1931.—Decided March 31, 1931.

*M. Rodríguez Alberty* for appellants. *C. Domínguez Rubio* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The appellees have asked for a dismissal of this appeal, as frivolous.

It appears from the complaint that Maximino Zayas died on June 9, 1927. One of the clauses of the will under which he died reads: "I bequeath to María Luisa, Maximino, and Pedro Santiago, natural children of María Santiago Soto, the sum of five hundred dollars each." In the same will he designated as his heirs, sharing in the remainder of his property, his legitimate children, Generoso, Etelvina, Alfonso, and Jacinto Zayas, in equal shares, and his wife, Encarnación Hernández, in the usufructuary portion provided by law. The legatees are the plaintiffs herein; the heirs, the defendants.

It is further alleged in the complaint that on July 9, 1928, a contract was entered into between the legatees and the

heirs, whereby payment of the legacies was postponed until July 8, 1929, and the heirs paid to the legatees $225 as interest.

Lastly, averment is made of the expiration of the extended time for payment without the legatees having been paid, and a judgment was prayed for directing payment of the sum of $1,500 claimed.

The defendants were summoned and, as they failed to appear, their default was entered. On the day set, January 2, 1931, the case was called for trial. Only the plaintiffs appeared. Evidence was given, and the court rendered judgment for the plaintiff, without special imposition of costs.

On January 31, 1931, the defendants appealed to this Court, and on February 9, the plaintiffs moved for a dismissal of the appeal and served notice of their motion on the attorney for the appellants. A hearing of the appeal was held on the 2nd of the present month of March without the appearance of the parties.

A mere recital of the foregoing facts suffices to conclude that there is involved here an appeal taken solely for the purpose of delaying the execution of the judgment. The defendants-appellants entered no appearance either in the court below or in this Court. The right of the plaintiffs-appellees clearly appears from the will executed by the ancestor of the defendants; it was expressly acknowledged by the latter in the contract concerning the extension of the time for payment of the legacies and regarding the payment of interest; and it has been adjudicated by a decision which was based on the complaint, on the default of the defendants, and on the evidence adduced at the trial.

It might be argued that ninety days, counted from the filing of the appeal on January 31, 1931, had not elapsed either at the time the motion to dismiss was filed, or even at the time such motion was heard, and hence that a dismissal

of the appeal would not lie in accordance with Rule 59 of this Court.

However, although the said rule as worded and construed "requires the lapse of 90 days and, besides, that there be proved, either that the appellant has not prosecuted his appeal with due diligence and in good faith, or that the appeal is frivolous" (see *Fajardo* v. *Fajardo,* 28 P.R.R. 485, 487), it was held by this Court in the same case cited that such an interpretation "should not be understood as holding that this Court has no power to dismiss before the expiration of the ninety days an appeal so patently frivolous that it would amount to a clear and manifest travesty on the administration of justice."

Such in effect is the case here. The appeal must therefore be dismissed.